## HARTLEY, use, &c. v. CHANDLER, et al.

1. Whether an entry upon an execution docket be evidence or not, *per se*, the testimony of the clerk or his deputy, that it was genuine, and that he had no doubt but it correctly stated the day when an execution was returned, made it admissible.

WRIT of error to the Circuit Court of Perry.

This was a proceeding, by notice and motion, under the statute of 1819, at the suit of the plaintiff in error against Chandler, as sheriff of Perry, and his sureties, for the failure to return a writ of *fieri facias*, which issued from the circuit court of that county in favor of the plaintiff, and was placed in his hands to be returned (according to its mandate) three days before the sixth Monday after the fourth Monday in March, 1842. The allegation is, that the execution was not duly returned, &c. An issue was made up and submitted to a jury, who returned a verdict in favor of the defendant, on which judgment was rendered.

On the trial, the plaintiff excepted to the ruling of the court.

From the bill of exceptions, it appears that the plaintiff produced his execution, together with the execution docket kept by the clerk; in which there was an entry, stating that the *fieri facias* in question was returned the 6th of August, 1842, although the sheriff's indorsement of "no property found," was dated the 4th of May preceding.

The plaintiff also offered a deputy of the clerk, who testified that the entry on the docket was made by him; that he could not remember, without reference thereto, that the *fieri facias* was not in fact returned until the 6th of August. He believed it was not returned earlier, but his belief rested entirely upon the entry. When executions were returned, entries were made on a docket kept for that purpose, indicating the day of their return, and that he had no doubt the entry in the present case, stated the day of return truly. The spring term of the circuit court of Perry in 1842 was holden on the 9th of May.

Upon this evidence, the court instructed the jury, that it was not sufficient in law to entitle the plaintiff to a verdict.

H. DAVIS and E. W. PECK, for the plaintiff in error.

T. CHILTON, for the defendants, cited 1 Phil. Ev. 289, 438; 9 Johns. Rep. 289.

COLLIER, C. J.—The counsel for the defendants has assimilated the entry upon the execution docket, to a mere memorandum made by a witness, to which he may refer for the purpose of refreshing his memory. But he insists that it cannot be made evidence by the statement of the deputy clerk, that the facts it affirms are all true, because it is his invariable practice to enter them truly.

By the act of 1812, the clerk of every court is required to enter in a docket or book kept for that purpose, a list of all executions issued by him, specifying therein the names of the parties, the amount of the judgment, interest and costs in such execution; the name of the person to whom it is delivered, to what county directed, the date when issued, and the return day thereof; and when the same is returned, shall, without delay, record it at large on the same page or folio, on which the execution is entered, and

shall constantly carry the book to the court of which he is clerk. [Clay's Dig. 144, § 8.]

This statute imposes upon the clerk an official duty, and the execution docket cannot with propriety be considered as a mere memorandum, kept for his own use. The Legislature never would have made a law for a purpose so useless, as far as it concerns the public. But we need not resort to construction on this point; for the clerk is directed to carry his book into court, and this indicates that it was intended for the inspection of those who were interested in being informed of the facts disclosed in it.

Whether the entries upon the execution docket are evidence *per se*, we need not inquire; but when aided by the testimony of the clerk, or his deputy that they were genuine, and that he had no doubt but they correctly stated the day when executions were returned, we know of no principle of law which would render them incompetent evidence. Sometimes the American courts have even relaxed the stringent rule of the English common-law, by admitting a private writing to go in evidence to the jury, in all cases where it was made by the witness at the time of the fact, for the purpose of preserving the memory of it; although at the time of testifying, he can recollect nothing further than that he had accurately reduced the whole transaction to writing. [See cases collected in note, 3 Greenl. Ev. 484.] So it has been held, where an agent made a parol lease and entered a memorandum of the terms in a book, which was produced; but the agent stated that he had no memory of the transaction, but from the book, without which he should not, of his own knowledge, be able to speak to the fact, but on reading the entry he had no doubt that the fact really happened; this was held sufficient. And where a witness, called to prove the execution of a deed, sees his own signature to the attestation, and says that he is therefore sure that he saw the party execute it, this is regarded as sufficient proof of the execution of the deed, although the witness adds that he has no recollection of the fact. [Greenl. Ev. 485, and cases there cited.] Surely, an execution docket is not entitled to less influence as evidence than a mere private writing, not made in virtue of a legislative requisition. Whether it be a record or not, the assistant proof adduced at the trial, made it very satisfactory evidence of the fact for which it was offered. It cannot be expected that a clerk, from whose court, perhaps, five hundred to one thou-

sand executions annually issue, should be able to state from his own recollection, even aided by his docket, the facts which the law requires there to be entered. And if the proof made in this case were adjudged insufficient, there must, in the nature of things, frequently be a failure of justice.

The judgment of the circuit court is reversed, and the cause remanded.